IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30757
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK DELACRUZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CR-20072-1
--------------------
March 27, 2002

Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Frank Delacruz, an inmate at the Federal Correctional
Institute at Oakdale, Louisiana, appeals his conviction and
sentence, following a jury trial, for stabbing Marcos Cavieles-
Godoy (Cavieles), another inmate, with a dangerous weapon with
intent to do bodily harm, in violation of 18:113(a)(3).

Delacruz argues that the district court abused its discretion
in denying his motion in limine and in allowing testimony by
correction officers regarding his purported gang affiliation.

---

[1]   Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  FED. R. EVID. 403.  Given the theory of the case asserted by both parties and the testimony by the officers that Delacruz had never been confirmed as a member of any prison gang, we conclude that the district court did not abuse its discretion in allowing such testimony to be introduced.  See United States v. Blake, 941 F.2d 334, 340 (5th Cir. 1991).

Delacruz also argues that the district court erred when it increased his base offense level by four levels under U.S.S.G. § 2A2.2(b)(3)(B) after finding that Cavieles had sustained serious bodily injury.  Because the record indicates that Cavieles was hospitalized with a partially collapsed lung, the district court did not clearly err in applying U.S.S.G. § 2A2.2(b)(3)(B) when determining Delacruz' sentence.  See U.S.S.G. § 1B1.1, comment. (n.1(j)) (2000); see United States v. Davis, 19 F.3d 166, 171 (5th Cir. 1994).

Delacruz' conviction and sentence are AFFIRMED.